908 F.2d 973
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William D. PANKEY, Defendant-Appellant,
v.
United States of America, Plaintiff-Appellee.
 No. 89-6573.
 United States Court of Appeals, Sixth Circuit.
 July 16, 1990.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant William David Pankey appeals his jury conviction for travel in interstate commerce with intent to commit a crime of violence, use of a firearm in a crime of violence and conspiracy. We affirm.
 
 I.
 
 2
 On the evening of January 19, 1986, Pankey and an unidentified individual went to the home of William Doggrell, a former drug dealer with whom Pankey's co-defendant, David Osment, had previous cocaine and marijuana dealings. Pankey and the unidentified man forced their way into the Doggrell's home and held Doggrell and Bonnie Winters, a friend of Doggrell, at gunpoint. Pankey and his accomplice insisted that Doggrell pay $60,000.00 to a person named "Dave" for marijuana dealings that Doggrell purportedly had with "Dave" while in Key West, Florida.
 
 
 3
 A day or so after Pankey's menace, David Osment phoned Doggrell about the $60,000.00 debt. Doggrell subsequently contacted the Federal Bureau of Investigation (FBI). Under FBI direction, Doggrell arranged to meet Osment in downtown Memphis, Tennessee, on February 4, 1986. During one of the conversations in preparation for this meeting, Osment informed Doggrell that one of the two men who had forced their way into Doggrell's house was employed by Osment and would be monitoring Doggrell and Osment's meeting. On the morning of February 4, FBI agents spotted Pankey in the vicinity of the meeting. Pankey fit a physical description of one of the men who forced their way into Doggrell's house. Based on this description and Pankey's suspicious behavior, FBI agents arrested Pankey.
 
 
 4
 At trial, Doggrell and Bonnie Winters identified Pankey as one of their assailants from the evening of January 19, 1986. Pankey was convicted on three counts of violating 18 U.S.C. Secs. 2,371,924(c), and 1952 for conspiracy, travelling in interstate commerce to commit a crime of violence, and use of a firearm to commit a crime of violence. Pankey was sentenced to ten years imprisonment on July 30, 1986. On October 28, 1987, Pankey filed a pro se motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2555, claiming ineffective assistance of counsel. Among other alleged deficiencies in performance, Pankey asserted that his attorney failed to file an appeal after being instructed to do so. The United States District Court for the Western District of Tennessee denied the motion without conducting a hearing, and Pankey appealed to this court. In United States v. Pankey, Unpublished Nos. 88-5045/6197, slip op. (6th Cir. July 18, 1989) (per curiam), this court ordered the district court to hold a hearing to determine whether Pankey's retained counsel failed to file a notice of appeal despite being asked to do so. We instructed the district court that if the evidence at the hearing demonstrated that Pankey's attorney did not follow his instruction to perfect an appeal, the court was to vacate Pankey's original sentence and resentence him. Upon resentencing, Pankey would be entitled to file an out-of-time appeal as relief from his counsel's ineffective assistance. Id. at 11. The district court conducted an evidentiary hearing on September 1, 1989 and subsequently concluded that Pankey had instructed his counsel to file an appeal. Accordingly, the court vacated Pankey's original sentence. Then the court resentenced Pankey to the same term of imprisonment as his original sentence. Pankey has filed a permissible out-of-time appeal.
 
 II.
 
 5
 Pankey contends that he received ineffective assistance of counsel because his attorney failed to present alibi witnesses and failed to object to the admission of the identification testimony by Doggrell and Winters. Under Strickland v. Washington, 466 U.S. 668, 687 & 689 (1984), in order to demonstrate ineffective assistance of counsel, Pankey must show a reasonable probability that his trial counsel's performance was outside the range of "reasonable professional assistance" and that his defense was prejudiced by his attorney's deficient performance. In order to show prejudice, Pankey must demonstrate a reasonable probability that "but for counsel's unprofessional errors, the proceeding would have been different." Id. at 694.
 
 
 6
 In his first appeal to this court in case nos. 88-5045/6197, Pankey asserted his claim that his trial counsel failed to call alibi witnesses. We concluded that "[t]here is no indication that Pankey's trial counsel was aware of an alibi defense, and the [section 2255] motion alleged no facts in support of such a defense. Pankey now seeks to bring such alibi evidence before this court by way of affidavits.... Because these materials were not before the district court, they are not part of the record before us...." Slip. op. at 4. Since his first appeal, Pankey has not cured the defect in his ineffective assistance claim by submitting evidence of his alibi defense to the district court. Doing so would allow the trial court to make findings of fact regarding whether Pankey's lawyer knew or should have know of an alibi defense. As Pankey concedes in his appellate brief, the only issue developed at the evidentiary hearing held pursuant to this court's remand of his section 2255 motion was whether he instructed his trial counsel to file an appeal. Brief of Defendant-Appellant at 8. Because Pankey once again seeks to offer evidence of ineffective assistance on appeal which has not been offered below, his claim of ineffective assistance due to his counsel's failure to present alibi witnesses is not ripe for review. See United States v. Swidan, 888 F.2d 1076, 1081 (6th Cir.1989).
 
 
 7
 Pankey also claims that his counsel's assistance was ineffective because counsel failed to object to identification testimony by Doggrell and Winters. Specifically, Pankey contends that the photographic identification procedure used by the FBI subsequent to his arrest was impermissibly suggestive and unreliable. Doggrell and Winters were shown a single photo of Pankey prior to trial which was not part of a photographic array. An identification procedure in which a defendant's photograph is shown singly is not per se unconstitutional. Manson v. Brathwaite, 432 U.S. 98, 113-114 (1977); United States v. Causey, 834 F.2d 1277, 1284-85 (6th Cir.1987), cert. denied, 486 U.S. 1034 (1988). While the use of a single photograph procedure is suggestive, in-court identification testimony based on such a procedure is to be excluded only if the identification evidence is so unreliable that it creates a substantial likelihood of misidentification. Causey, 834 F.2d at 1285.
 
 
 8
 The factors to be weighed in determining reliability include: 1) the opportunity of the witness to view the criminal at the time of the crime; 2) the witness' degree of attention; 3) accuracy of the witness' prior description of the criminal; 4) the level of certainty shown by the witness in identifying the criminal; and 5) the elapse of time between the crime and the witness' identification of the criminal. Manson, 432 U.S. at 114. Doggrell observed his assailants on January 19 as they approached and stood in his doorway. J.App. at 39. Winters, who was forcibly escorted through the house by Pankey, also observed the two men as they stood in the doorway. Both witnesses' attention were focused on their assailants while they were held at gunpoint. Doggrell and Winters gave a description of their assailants which allowed FBI agents to identify Pankey as the lookout during the Doggrell-Osment meeting. After Pankey's arrest, Doggrell and Winters were shown photographs of Pankey and unequivocally identified him as one of their assailants. Id. at 51-52 & 59-60. Approximately three weeks had elapsed since the time of the crime and Doggrell and Winters' photo identification of Pankey. Under these circumstances, the chance of misidentification was not so great as to render the identification evidence unreliable and thus violative of Pankey's due process rights. Accordingly, we reject Pankey's arguments on this issue.
 
 III.
 
 9
 For the foregoing reasons, the defendant's conviction and
 
 
 10
 sentence are AFFIRMED.