**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0488n.06

No. 08-2073

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jul 13, 2009
LEONARD GREEN, Clerk

KIRK LANAM,                                    )
                                              )
            Petitioner,                        )          ON APPEAL FROM THE
                                              )          UNITED STATES DISTRICT
       v.                                      )          COURT FOR THE EASTERN
                                              )          DISTRICT OF MICHIGAN
UNITED STATES OF AMERICA,                      )
                                              )
            Respondent.                        )
                                              )
_____         )

BEFORE: GUY, ROGERS, and GRIFFIN, Circuit Judges.

PER CURIAM.

Following a jury trial, petitioner Kirk Lanam was convicted of three counts of computer intrusion in violation of 18 U.S.C. § 1030(a)(5)(A)(i) and sentenced to twenty-one months of incarceration. The evidence at trial demonstrated that Lanam gained unauthorized access to the computer system of Air Source One, Inc. and used it to access Total Mortgage Corporation's computer system. Once he gained control of Total's system, Lanam disabled its firewall and overwhelmed Total's telephone system through the use of "ping flood" commands.

After his conviction, but before sentencing, Lanam obtained new counsel. Thereafter, Lanam did not appeal, choosing instead to file a 28 U.S.C. § 2255 petition alleging ineffective assistance of trial counsel. The district court held an evidentiary hearing on Lanam's § 2255 petition at which it denied Lanam an opportunity to testify. The district judge ruled that Lanam was barred from

testifying at the § 2255 evidentiary hearing because he did not testify at trial.  At the conclusion of the hearing, the district court denied Lanam's § 2255 petition.  Lanam timely appeals.

The district court granted a certificate of appealability regarding two issues:  "(1) whether this court erred in ruling that Petitioner could not testify at the evidentiary hearing conducted on his claim of ineffective assistance of trial counsel at the evidentiary hearing on the 2255 Motion, and (2) whether Petitioner was denied the effective assistance of counsel during plea negotiations and at trial."

I.

On appeal, Lanam argues that the district court committed error requiring reversal by denying him an opportunity to testify at the § 2255 evidentiary hearing regarding his ineffective assistance of counsel claim.  We agree.

It is undisputed that Lanam invoked his right not to testify during his criminal trial.  The first issue in this appeal is whether Lanam's decision not to testify at trial bars his ability to testify at the § 2255 evidentiary hearing.  We hold that it does not.

During the § 2255 evidentiary hearing, petitioner's counsel called Lanam to testify, proffering his testimony as "an expert as well as a fact witness."  Counsel intended for Lanam to testify as an "expert" regarding the amount of damages incurred as a result of his criminal offenses and as a fact witness for discussions he had with his trial counsel.  At the hearing, the district court discussed with counsel the issue of Fifth Amendment privilege and thereafter ruled that "I'm not going to let Mr. Lanam testify, period":

THE COURT:  [W]hat's going to happen if [respondent's counsel] Mr. Teall wants to cross-examine him as to his credibility as to what substantively he did?  Is he going to take the Fifth Amendment?

MR. MINOCK:  [petitioner's counsel] I think that –

THE COURT:  Is he going to take the Fifth Amendment?

MR. MINOCK:  I think that since the scope of the testimony is limited –

THE COURT:  No, is he going to take the Fifth [Amendment]?

MR. MINOCK:  It would depend on how you rule, Judge.

THE COURT:  On what?

MR. MINOCK:  If you rule that he is permitted to testify –

THE COURT:  He's not permitted to testify unless he's prepared to testify fully to any and every question Mr. Teall asks him, including those that relate to the crimes he was convicted of.

MR. MINOCK:  *Just so the record is clear, my position would be that he's entitled to testify in a limited fashion.*

THE COURT:  I'm not going to let him, I'm not going to let him play games with this Court and I'm not going to let you play games with this Court, Mr. Minock.  You are now treading in very dangerous territory.

MR. MINOCK:  If I could have just a moment to consult with my client.

THE COURT:  *No, I'm not going to let Mr. Lanam testify, period.  A defendant who did not testify at trial can't come back and in this phase of the case now testify.*  No way.  That's an abuse of the system.  Mr. Teall, do you disagree?

MR. TEALL:  I don't disagree, Your Honor.

THE COURT:  No, sir.  That's playing games.  He didn't testify at trial.  He's not going to come back as an expert now and try to minimize the dollar damages that were allegedly incurred either at trial or in restitution.  No, sir.

(Emphasis added.)

It appears that the district court was concerned about allowing petitioner to testify as an expert regarding damages. However, petitioner's counsel raised the issue of allowing Lanam to testify as a fact witness regarding conversations he had with his trial counsel, stating that "for the record my position is that this all relates to whether counsel's advice to him not to testify was reasonable under the circumstances." Rather than address the question directly, the court called Andrew Wise, Lanam's trial counsel: "I want Mr. Wise to come up here and testify. I want Mr. Wise to tell me what happened. We are going to stop playing games. We are going to cut to the chase right now. The Court is calling Mr. Wise as a witness."

The district court's refusal to allow Lanam to testify at the § 2255 hearing raises two sub-issues: (1) whether the district court erred by denying petitioner an opportunity to testify as an expert regarding the damages stemming from the crimes for which he was convicted, and (2) whether the district court erred by denying petitioner an opportunity to testify regarding his trial counsel's alleged ineffective assistance based upon petitioner's discussions with his trial counsel. The district judge was concerned about Lanam "playing games" and abusing the process by testifying at a § 2255 hearing regarding matters to which he could have testified at trial. However, on appeal, petitioner argues that "there was no one more knowledgeable" than he regarding the damage caused by his computer intrusions, and Wise agreed with that statement during his testimony at the § 2255 hearing.

Most importantly, the district court clearly erred in barring petitioner from testifying regarding his ineffective assistance of counsel claim. We have held that ineffective assistance of

counsel claims are best brought in a § 2255 proceeding because of the need to develop a full record beyond what would be available on a direct appeal of the criminal conviction. *See United States v. Brown*, 276 F.3d 211, 217-18 (6th Cir. 2002).

In the present case, the district judge offered, belatedly, to allow Lanam to testify, stating that "I don't want this record to display any refusal on my part to allow [petitioner] to testify so I'm going to permit you on a separate record to call Mr. Lanam and ask him any questions you want. If there's an objection by the government, we'll deal with it, this is a separate record, so that he has not been denied his right to testify." However, at that juncture, petitioner had appealed the denial of bond pending appeal, and thus the district court concluded that the notice of appeal deprived it of jurisdiction over the case.

We hold that the district court committed error requiring reversal by denying Lanam an opportunity to testify regarding his ineffective assistance of counsel claim at the § 2255 evidentiary hearing. Therefore, we vacate the § 2255 judgment and remand with instructions that the district court allow petitioner to testify in a limited manner regarding his ineffective assistance of counsel claim. On remand, the district court is instructed further to exercise its discretion to decide whether petitioner qualifies as an expert witness regarding his claim as to the amount of loss and whether such evidence is relevant to his ineffective assistance of counsel claims.

The district court is in the best position to receive Lanam's testimony and weigh his credibility and alleged expertise. Once the record is fully developed, the district court shall rule de

novo on the merits of the § 2255 petition. Thereafter, this court will have a full record for review in the event there is a further appeal.

## II.

Next, petitioner argues that he was deprived of the effective assistance of counsel during plea negotiations and at trial. To prevail, petitioner must establish that his counsel's performance was "deficient," meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner must then demonstrate that he was prejudiced by "showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. However, this issue is not ripe because we have ordered the § 2255 evidentiary hearing continued; thus, the record is not complete. *See Pankey v. United States*, No. 89-6573, 1990 WL 98036 at *2 (6th Cir. July 16, 1990) (deeming matters not developed at the § 2255 evidentiary hearing as unripe).

## III.

For these reasons, we vacate and remand for further proceedings consistent with this opinion.